KATE S. LEHRMAN [Bar No. 123050]
klehrman@lehrmanlawgroup.com
DANIEL R. VILLEGAS [Bar No. 159935]
dvillegas@lehrmanlawgroup.com
BEHROUZ SHAREGHI ARANI [Bar No. 304501]
barani@lehrmanlawgroup.com
LEHRMAN LAW GROUP
12121 Wilshire Boulevard
Suite 1300
Los Angeles, CA  90025
(310) 917-4500
(310) 917-5677 (FAX)

Attorneys for Defendants
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA LINARES, an individual, | ) Case No. 2:17-cv-09269 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **NOTICE OF REMOVAL TO THE** |
| | ) **UNITED STATES DISTRICT** |
| | ) **COURT FOR THE CENTRAL** |
| BMW OF NORTH AMERICA, LLC, a | ) **DISTRICT OF CALIFORNIA** |
| Delaware Limited Liability Company; | ) **UNDER 28 USC § 1441 AND 28 USC** |
| VALENCIA B. IMPORTS, INC. d/b/a | ) **§ 1331 (FEDERAL QUESTION** |
| VALENCIA BMW, a Delaware | ) **JURISDICTION); DECLARATION** |
| Limited Liability Company; and DOES | ) **OF BEHROUZ SHAREGHI ARANI** |
| 1 through 20, inclusive, | ) |
| | ) |
| Defendants. | ) |

Defendant BMW of North America, LLC ("BMW NA") hereby removes

this case to the United States District Court for the Central District of California

pursuant to 28 U.S.C. section 1441, based upon federal question jurisdiction under

28 U.S.C. section 1331.

The basis for removal is as follows:

1.      On November 8, 2017, Plaintiff Lorena Linares ("Plaintiff") commenced this action in the Los Angeles County Superior Court entitled as follows: *Lorena Linares v. BMW of North America LLC, et al.*, Case No. BC682748. The Complaint alleges Breach of the Song-Beverly Consumer Warranty Act (First and Second Causes of Action) and violation of the Magnuson-Moss Warranty Act (Third and Fourth Causes of Action) with respect to Plaintiff's purchase of a used 2013 BMW 3 Series Active-Hybrid-VIN #WBA3F9C52DF484129-(the "Vehicle") (Declaration of Behrouz Shareghi Arani ("Arani Decl.") ¶2; Exh. A, Plaintiff's Complaint at ¶6).

2.      BMW NA and Defendant Valencia B. Imports, Inc. d/b/a VALENCIA BMW ("VALENCIA BMW") are the only named defendants in this action.

3.      Defendant BMW NA was served with Plaintiff's Summons and Complaint on November 28, 2017.  See Arani Decl. ¶2; Exh. "A."

4.      Defendant BMW NA filed its Answer in State Court on December 27, 2017. (Arani Decl., ¶3; Exh. "B."). No further proceedings have been had in the state court action.

5.      This is a civil action over which this Court has original jurisdiction under U.S.C. section 1331, and it is one which may be removed to this Court by defendant BMW NA pursuant to 28 U.A.C. section 1441(a) because the third and fourth causes of action arise under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. section 2301, et seq., and satisfy the necessary amount in controversy under that statute.

6.      The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California.  Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the "district and division within which such action is pending . . ."  See 28 U.S.C. §1446(a).

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC §1441 AND 28 USC § 1331 (FEDERAL QUESTION JURISDICTION); DECLARATION OF BEHROUZ SHAREGHI ARANI**

7.     No previous application has been made for the relief requested herein.

8.     Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

**I.**

**REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. §1331**

**A.     This Action Arises Under a Federal Statute**

9.     The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. section 1331 because the third and fourth causes of action arise under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. section 2301, *et seq.*, and satisfy the necessary amount in controversy under that statute.

10.    Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. An action "arises under" the federal law within the meaning of 28 U.S.C. section 1331 if: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

11.    This Court has original jurisdiction of Plaintiff's third and fourth causes of action because they "arise under" a federal statute, *i.e.* 15 U.S.C. section 2301 *et seq.*, otherwise known as the Magnuson-Moss Warranty Act.

**B.     The Amount in Controversy Requirement of the Magnuson-Moss Warranty Act is Met**

12.    15 U.S.C. Section 2310(d)(1)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC §1441 AND 28 USC § 1331 (FEDERAL QUESTION JURISDICTION); DECLARATION OF BEHROUZ SHAREGHI ARANI**

1  relief in an appropriate district court of the United States, subject to paragraph (3)

2  of this subsection." Paragraph (3) goes on to state that "[n]o claim shall be

3  cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the

4  amount in controversy is less than the sum or value of $50,000 (exclusive of

5  interest and costs) computed on the basis of all claims to be determined in this suit

6  . . . ." 15 U.S.C. § 2310(d)(3)(B).

7       13.    Here, the amount-in-controversy exceeds $50,000.00. As set forth in

8  Plaintiff's Complaint, Plaintiff seeks reimbursement for her actual damages, which

9  in a lemon law action is the amount paid or payable under the sales agreement.

10  See Arani Decl.; ¶2, Exh. A, Complaint at Prayer for Relief, Page 11, line 2).

11  Plaintiff sets forth that Plaintiff purchased the Vehicle for a total consideration

12  over the term of the installment contract of $32,584.56. See Arani Decl.; ¶2, Exh.

13  A, Complaint at ¶7).

14       14.    Plaintiff is also seeking incidental damages, consequential damages,

15  <u>a civil penalty, as provided in Song-Beverly, in an amount not to exceed two times</u>

16  <u>the amount of Plaintiff's actual damages</u> (pursuant to California Civil Code

17  section 1793.22, *et seq*.) and attorneys' fees. See Arani Decl.; ¶2, Exh. A,

18  Complaint at Prayer for Relief, Page 11, lines 3-9).

19       15.    Consequently, Plaintiff's Complaint seeks well in excess of

20  $50,000.00 in monetary damages. Adding two-times civil penalty ($65,169.12) to

21  the above-stated consideration ($32,584.56) under the sales contract, plaintiff

22  seeks damages in the sum of $97,753.68, excluding incidental and consequential

23  damages or attorneys' fees.

24       16.    Potential civil penalties are taken into account in order to determine

25  the amount in controversy. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298

26  (5th Cir. 1999) (amount in controversy requirement may be established by

27  showing that such damages are "facially apparent" from the plaintiff's Complaint,

28  or by setting forth facts in the Notice of Removal that support a finding of the

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC §1441 AND 28 USC § 1331 (FEDERAL QUESTION JURISDICTION); DECLARATION OF BEHROUZ SHAREGHI ARANI**

1   requisite amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009

2   (U.S.D.C. N.D. Cal., 2002) (civil penalties under California Song-Beverly

3   Consumer Warranty Act are included in determining whether amount in

4   controversy for diversity jurisdiction was satisfied as civil penalties under the Act,

5   allowing up to two times the amount of actual damages as well as compensatory

6   damages, are akin to punitive damages).   Accordingly, the amount in controversy

7   is satisfied.

8   **C.    This Court Has Supplemental Jurisdiction**

9          17.    "[I]n any civil action of which the district courts have original

10  jurisdiction, the district court shall have supplemental jurisdiction over all other

11  claims that are so related to claims in the action within such original jurisdiction

12  that they form part of the same case or controversy under Article III of the United

13  States Constitution." 28 U.S.C. §1367(a).  The Supreme Court has noted that the

14  supplemental jurisdiction statute "applies with equal force to cases removed to

15  federal court as to cases initially filed there; a removed case is necessarily one 'of

16  which the district courts . . . have original jurisdiction'...." *City of Chicago v.*

17  *International College of Surgeons*, 522 U.S. 156, 165 (1997).  Although one of

18  several claims may not "arise under" federal law, removal is still appropriate if that

19  claim is transactionally related (*i.e.* "supplemental") to at least one substantial

20  federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395,

21  1399 (6th Cir. 1995).  A single case exists in the constitutional sense wherever the

22  state and federal claims arise from a "common nucleus of operative facts" such

23  that a plaintiff "would ordinarily be expected to try them all in a single judicial

24  proceeding." *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725.

25         18.    Here, all of Plaintiff's causes of action **arise out of the same nucleus**

26  **of operative facts**, *i.e.* the purchase of the subject Vehicle and its alleged

27  warranties.  Accordingly, supplemental jurisdiction under 28 U.S.C. section 1367

28  of Plaintiff's remaining causes of action is appropriate.  *See Priebe v. Autobarn,*

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA UNDER 28 USC §1441 AND 28 USC § 1331 (FEDERAL
QUESTION JURISDICTION); DECLARATION OF BEHROUZ SHAREGHI ARANI

1  *Ltd.*, 240 F.3d 584 (7th Cir. 2001) (where federal jurisdiction existed under

2  Magnuson-Moss, district court properly exercised supplemental jurisdiction over

3  plaintiff's remaining causes of action including a state fraudulent business

4  practices claim and a common law fraud claim).

5       19.    Based upon the foregoing, all requirements for federal question

6  jurisdiction and removal jurisdiction have been met.  Defendant BMW NA

7  therefore requests that this action now pending against it in the Superior Court of

8  California, County of Los Angeles, be removed to this Court, and that this Court

9  assume complete jurisdiction in this matter.

10       20.    This removal notice is timely filed as it is filed within 30 days after

11  BMW NA's receipt of the Complaint.  Therefore, removal of this case is proper.

12       21.    Defendant will promptly notify plaintiff's counsel and the presiding

13  judge of the Superior Court of this removal, as required by 28 U.S.C. section

14  1446(d).

15  DATED:  December 28, 2017          LEHRMAN LAW GROUP

16                          KATE S. LEHRMAN
   DANIEL R. VILLEGAS

17                          BEHROUZ SHAREGHI ARANI

18                 By:  /s/ Behrouz Shareghi Arani

19                        Behrouz Shareghi Arani
   Attorneys for Defendant

20                        BMW OF NORTH AMERICA, LLC

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC §1441 AND 28 USC § 1331 (FEDERAL QUESTION JURISDICTION); DECLARATION OF BEHROUZ SHAREGHI ARANI**